UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN DOE,

               Plaintiff,            **DECISION & ORDER**
                                                    20-CV-6215 (WFK) (RML)
    v.

ST. VINCENT'S SERVICES, INC., *d/b/a*
*Heartshare St. Vincent's Services*, SHWANTA
SALAZAR, EVELYN PEDRAZA, and
ERIC WILLIAMS,

               Defendants.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff, proceeding as John Doe, commenced this action against St. Vincent's Services, Inc. d/b/a HeartShare St. Vincent's Services ("HSVS") Shawnta Salazar ("Salazar"), Evelyn Pedraza ("Pedraza"), and Eric Williams ("Williams" and collectively with HSVS, Salazar, and Pedraza, "Defendants"). In his Complaint, Plaintiff asserts six Causes of action under the American With Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.*, (the "ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and analogous state and local laws. *Id.* Plaintiff, proceeding under the pseudonym John Doe, brings a motion requesting leave to proceed anonymously. ECF No. 7. For the reasons stated below, Plaintiff's motion is hereby GRANTED. *Id.*

## BACKGROUND

Plaintiff commenced this action against St. Vincent's Services, Inc. d/b/a HeartShare St. Vincent's Services ("HSVS") Shawnta Salazar ("Salazar"), Evelyn Pedraza ("Pedraza"), and Eric Williams ("Williams" and collectively with HSVS, Salazar, and Pedraza, "Defendants"). The facts that follow are allegations drawn from Plaintiff's Complaint.

HSVC is a not-for-profit provider of social services to children and young adults in the New York City area. Complaint ("Compl.") ¶ 19, ECF No. 1. Defendants employed Plaintiff as a case planner supervisor for HSVS's Residential and Housing Programs Division from May 2019 until his constructive termination in February 2020. Compl. ¶¶ 3, 22, and 49. Plaintiff identifies as a "practicing Muslim and an HIV-positive homosexual male," and alleges

1

Defendants discriminated against him because of his religion, disability, and sexual orientation. Compl. ¶¶ 1–4, 26. In his Complaint, Plaintiff asserts six causes of action under the American With Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.*, (the "ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and analogous state and local laws. *Id.* Plaintiff, proceeding under the pseudonym John Doe, brings a motion requesting leave to proceed anonymously. ECF No. 7.

Plaintiff argues that his need for anonymity outweighs the public's interest in disclosure because "Plaintiff's HIV Status is highly sensitive and personal in nature and because HIV remains a highly stigmatized illness." Plaintiff's Memorandum in Support of his Motion to Proceed under the Pseudonym John Doe ("Pl. Mem.") at 1, ECF No. 7-1. Additionally, "requiring Plaintiff to reveal his identity . . . could have a chilling effect on other prospective litigants facing discrimination," and the public or Defendants would not otherwise be prejudiced by maintain Plaintiff's anonymity. *Id.* Defendants argue that there are "multiple alternative mechanisms that would maintain the confidentially of Plaintiff's HIV-positive status" while eliminating any prejudice to Defendants and the public. Defendant's Memorandum in Opposition ("Def. Op.") at 1, ECF No. 26. According to Defendants, this prejudice includes discovery complications, and biasing the jury against Defendants. *Id.* at 2 (noting, *inter alia*, that "it will be more difficult to obtain witnesses and witness testimony," and "allowing Plaintiff to proceed anonymously could influence the jury to Defendant's detriment . . . .").

## LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure provides that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10. Rule 17 further states that every action shall be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17. "Identifying the

2

parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.). However, there are exceptions to this general rule "when the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). "Plaintiffs seeking anonymity must base their allegations about these competing interests on more than just mere speculation." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) (Carter, J.) (cleaned up). When considering applications to proceed anonymously, Courts in the Second Circuit look to a list of "non-exhaustive" factors, including:

> (1) whether the litigation involves matters that are highly sensitive and personal in nature (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff* 537 F.3d at 189–90 (the "*Sealed Plaintiff* factors") (cleaned up). "Because of the fact-intensive nature of this inquiry, district courts have discretion in deciding whether to grant or deny a motion to proceed under a pseudonym." *United States v. UCB, Inc.*, 14-CV-2218, 2017 WL 838198, at *4 (S.D.N.Y. Mar. 3, 2017) (Griesa, J.) (citing *Sealed Plaintiffs* 537 F.3d at 189).

3

**DISCUSSION**

The Court now proceeds to balance the relevant *Sealed Plaintiff* factors.  To start, Plaintiff's interest in anonymity is significant.  As the alleged facts show, " . . . HIV Status . . . is highly sensitive and personal in nature, and people living with the disease are highly stigmatized . . . ."  *Doe v. Inst. for Family Health*, 20-CV-05155, 2020 U.S. Dist. LEXIS 125293, at *5 (S.D.N.Y. July 7, 2020) (Engelmayer, J.).  "As such, federal and state NY courts have granted people living with HIV/AIDS, and other sexually and blood-transmitted diseases to proceed pseudonymously."  *Id.* (collecting cases).  Therefore, the first *Sealed Plaintiff* factor weighs heavily in Plaintiff's favor.  Additionally, under the second factor, Plaintiff is likely to experience deep anguish at having their sexual conduct and HIV status interrogated.  *See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (Korman, J.) (noting that Plaintiff's "embarrassment and fear of stigmatization because she has HBV, which is like AIDS a sexually and blood-transmitted disease, is real" and discussing the threat of questioning on issues relating to her sexual conduct).  Taken together, these factors greatly favor Plaintiff.

Any prejudice to Defendants or detriment to the public's interest in disclosure does not outweigh Plaintiff's concerns.  Allowing Plaintiff to litigate as John Doe would not overly burden Defendant in discovery nor significantly bias the jury against them.  Plaintiff explicitly disavows any request to forestall Defendants from identifying him by name while interviewing potential witnesses or from indirect identification during trial.  *See* Declaration of John Doe, ECF No. 29-1, ¶¶ 10–11.  Defendants are already aware of Plaintiff's identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed.  *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (Go, Mag.) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants

4

will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers."); *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (Sweet, J.) (allowing gay plaintiff to proceed pseudonymously and reasoning that defendant will not be harmed because it already knows plaintiff's identity and "it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action."). The public interest also weighs in favor of allowing Plaintiff to proceed anonymously. By requiring Plaintiff to disclose his HIV status, the Court risks "chilling . . . others who face discrimination based on their highly stigmatized characteristics" from seeking judicial relief. *Inst. for Family Health* 2020 U.S. Dist. LEXIS 125293, at *8. Accordingly, both the Defendants' interest and the public's interest point towards allowing Plaintiff to proceed anonymously.

Defendants insist that "Plaintiff's interest in maintaining the confidentiality of his alleged disability and related medical . . . can be adequately protected by alternative means." Def. Opp. at 12. Defendants suggest redacting Plaintiff's HIV-Status from the public record or filing any documents with reference to Plaintiff's HIV-positive status under seal. These alternatives are inadequate. Even with redaction, Plaintiff's HIV-positive status might be discernable through the legal discussion and statements made in filings, especially because his HIV-positive status forms a central aspect of the claims. And sealing case documents would deprive the public of the precedential value of these proceedings. Accordingly, considering all the relevant *Sealed Plaintiff* factors, the court hereby GRANTS Plaintiff's motion to proceed anonymously.

## CONCLUSION

Upon a consideration of the *Sealed Plaintiff* factors, this Court finds that Plaintiff's interest in proceeding anonymously outweighs the prejudice on Defendants and the public

5

hereby GRANTS Plaintiff's motion. *See* ECF No. 7. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 7.

                                            **SO ORDERED.**

                                            s/WFK

                                        _____

Dated: September 27, 2021            HON. WILLIAM F. KUNTZ, II
       Brooklyn, NY                    U.S. DISTRICT JUDGE